702 F.2d 166
 Steven A. PAULSON, Appellant,
v.
Peter L. GOODWIN, Commissioner, Bureau of Personnel, State
of South Dakota; and Judith Meierhenry,
Secretary, Department of Labor, State of
South Dakota, Appellees.
 No. 82-1658.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 15, 1983.
Decided March 29, 1983.
 
 Mark V. Meierhenry, Atty. Gen., Mark W. Barnett, Asst. Atty. Gen., Pierre, S.D., for appellees.
 David C. Humphrey, Yankton, S.D., for appellant.
 Before HEANEY and FAGG, Circuit Judges, and MAGNUSON,* District Judge.
 PER CURIAM.
 
 
 1
 Steven A. Paulson, a former Disabled Veterans' Outreach Program [DVOP] specialist in the State of South Dakota, sued the Commissioner of the Bureau of Personnel and the Secretary of Labor for South Dakota following his discharge by the State.[1] Paulson is a disabled veteran of the Vietnam War who was employed as a DVOP specialist in the Yankton Office of the State Department of Labor, Job Services Division. DVOP specialists are veterans employed by the State to provide counseling and other services to veterans, especially disabled veterans, seeking employment. The State receives federal funds to support the Disabled Veterans' Outreach Program. During a general reduction in force in late 1981, South Dakota laid off Paulson. Soon after Paulson's layoff, the State transferred his DVOP specialist functions to another disabled Vietnam veteran then employed by the State in Sioux Falls. The State apparently took this action to guarantee continued eligibility for federal funding since Paulson's layoff resulted in South Dakota having only three DVOP specialists, rather than the four required for that State under federal statute.
 
 
 2
 Paulson filed the instant suit claiming that the State's actions violated the veterans' preference provisions found in the DVOP statute, 38 U.S.C. Sec. 2003A (Supp. IV 1980). The State filed motions for judgment on the pleadings and for summary judgment. The district court consolidated the motions and considered the State's contentions as one motion for summary judgment. The court found that it had jurisdiction over Paulson's claim under 28 U.S.C. Sec. 1331 (Supp. IV 1980), but then granted summary judgment for the State on two independent, alternative grounds. First, the court held that DVOP specialists did not have an implied cause of action to enforce the veterans' preference provisions of 38 U.S.C. Sec. 2003A (Supp. IV 1980). Secondly, it held that, even assuming that Congress intended to create such a private cause of action, the State did not violate section 2003A in Paulson's case.
 
 
 3
 We affirm based on the district court's second alternative ground. Assuming without deciding that there is an implied cause of action in favor of disabled veterans such as Paulson under section 2003A, the State did not violate that section in laying off Paulson. The subsections on which Paulson relies read:
 
 
 4
 (a)(2) Funds provided to a State under this subsection shall be sufficient to support the appointment of one disabled veterans' outreach program specialist for each 5,300 veterans of the Vietnam era and disabled veterans residing in such State. Each such specialist shall be a veteran. Preference shall be given in the appointment of such specialists to disabled veterans of the Vietnam era. If the Secretary finds that a disabled veteran of the Vietnam era is not available for any such appointment, preference for such appointment shall be given to other disabled veterans. If the Secretary finds that no disabled veteran is available for such appointment, such appointment may be given to any veteran.
 
 
 5
 * * *
 
 
 6
 * * *
 
 
 7
 (d) Persons serving as staff in the disabled veterans outreach program conducted under title III of the Comprehensive Employment and Training Act on the date of enactment of this section shall be appointed as disabled veterans' outreach program specialists in the State in which such individual is so serving, unless the Secretary for good cause shown determines that such individual is not qualified for such appointment.
 
 
 8
 38 U.S.C. Sec. 2003A (Supp. IV 1980). The State's dealings with Paulson fully complied with these subsections.
 
 
 9
 Subsection (a)(2) does provide that, in appointing DVOP specialists, preference should be given to disabled Vietnam veterans and other disabled veterans, in that order. The subsection does not address the circumstances under which a DVOP specialist, once appointed, may be laid off. Moreover, the DVOP specialist who in effect replaced Paulson in Sioux Falls was also a disabled Vietnam veteran; section 2003A(a)(2) would not give Paulson any preferred position over another disabled Vietnam veteran.
 
 
 10
 Subsection (d) deals with the transfer of disabled veterans hired under the Comprehensive Employment and Training Act [CETA] into the new Disabled Veterans' Outreach Program. The "good cause" language in this subsection only refers to the reasons which could be used to prevent such a transfer. It does not create permanent tenure for DVOP specialists once such a transfer is made. Thus, this subsection is not material to Paulson's layoff during a State-wide reduction in force.
 
 
 11
 We do not decide whether Paulson might have a valid cause of action under State veterans' preference or State civil service laws. We only hold that the facts alleged by Paulson fail to establish any violation of the preference provisions of 38 U.S.C. Sec. 2003A. We therefore affirm the judgment of the district court.
 
 
 
 *
 The HONORABLE PAUL A. MAGNUSON, District Judge, for the United States District Court for the District of Minnesota, sitting by designation
 
 
 [1]
 Given the nature of this case, we assume that Paulson sued these individuals in their official capacities as agents of the State